UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01310-JVS-ADS | Date | December 2, 2021 |
| Title | United States of America v. $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516, et al. | | |

| | |
|---|---|
| Present: The Honorable | **James V. Selna, U.S. District Court Judge** |

| Lisa Bredahl | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS] Order Regarding Motion for Default Judgment**

Before the Court is a motion for default judgment filed by Plaintiff United States of America (the "Government") against the interests of William Nicoloff ("W. Nicoloff"), Michelle Nicoloff ("M. Nicoloff"), Coastridge Capital Partners ("Coastridge"), Bentley Energy Partners, LLC ("Bentley"), David Capital LLC ("David"), Stonecreek Capital Partners ("Stonecreek"), and all other potential claimants (collectively, "potential claimants") as to Defendants $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516 ("Account 6516") and $1,953.93 from Fidelity Investment Bank Funds Account Number '3501 ("Account 3501") (collectively, the "defendant funds"). Mot., Dkt. No. 17. No potential claimant has filed an opposition.

For the following reasons, the Court **GRANTS** the motion for default judgment.

**I. BACKGROUND**

On August 6, 2021, the Government filed a Verified Complaint for Forfeiture against the defendant funds. Compl., Dkt. No. 1. The Government alleges that W. Nicoloff submitted loan applications for Bentley, Coastridge, David, Stonecreek, M. Nicoloff, and W. Nicoloff. Id. ¶ 9. The loan applications included altered documentation and other false information to obtain loans guaranteed by the SBA through the Paycheck Protection Program ("PPP"), a program created by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"). Id. ¶ 10. W. Nicoloff obtained over $1.5 million in PPP loans from lenders. Id. ¶ 11. Instead of using loan proceeds for their intended purpose, and in contravention of the rules of the PPP program, W. Nicoloff misappropriated the loan proceeds for personal benefit by using them for securities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01310-JVS-ADS | Date | December 2, 2021 |
| Title | United States of America v. $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516, et al. | | |

trading activity unrelated to the businesses for which the loans were obtained. Id. ¶ 12.

On loan applications submitted for Bentley, David, Stonecreek, and Coastridge, W. Nicoloff made numerous false statements involving the number of employees and the businesses' payrolls, and the use for the loan proceeds. Id. ¶¶ 18-36, 45-50.  On loan applications submitted for M. Nicoloff and W. Nicoloff, W. Nicoloff made numerous false statements involving the businesses' payrolls and the use for the loan proceeds. Id. ¶¶ 37-39, 45-47. Nicoloff also submitted fraudulent IRS forms in support of all of the above loan applications. Id. ¶¶ 18-20, 26-29, 33-34, 37-39, 45-47. The Government traced the loan proceeds into Account 6516 and Account 3501. Id. ¶¶ 51-58. The Government alleges that the defendant funds constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 (mail fraud) and/or 1344 (bank fraud); constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(1)(A)(i) or (a)(1)(B)(i), or property traceable to such property, with the specified unlawful activity being a violation of 18 U.S.C. § 1343 (wire fraud) and/or 1344 (bank fraud); and/or constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. ¶ 1957(a), or property traceable to such property, with the specified unlawful activity being a violation of 18 U.S.C. § 1343 and/or 1344. Id. ¶¶ 60-64. The Government alleges that the defendant funds are therefore subject to forfeiture pursuant to 18 U.S. C. §§ 981(a)(1)(A) and (C). Id.

Beginning on August 9, 2021, notice of civil forfeiture was posted on an official government website for 30 consecutive days pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules of Admiralty or Maritime Claims and Asset Forfeiture Actions. Whittlesey Decl. ¶ 4; Ex. B, Dkt. No. 17-2. On August 12, 2021, process was executed upon the defendant funds by the United States Marshals Service in accordance with Supplemental Rule E(4)(b). Whittlesey Decl. ¶ 3; Ex. A, Dkt, No. 17-1. On August 13, 2021, the Government sent notices of the Complaint to potential claimants W. Nicoloff, M. Nicoloff, Coastridge, Bentley, David, and Stonecreek at their respective last known addresses. Whittlesey Decl. ¶¶ 5-10. The notices were sent by certified mail with a claim letter describing the defendant funds and giving notice as to the time within which a claim and answer were required to be filed. Id. The United States Postal Service certified mail return receipt for the potential claimants. Id.; Ex. C-K, Dkt. No. 17-2. In accordance with Supplemental Rule G(5), the time for the potential claimants to file a claim in this

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01310-JVS-ADS | Date | December 2, 2021 |
| Title | United States of America v. $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516, et al. | | |

action expired on September 17, 2021, and the time to file an answer expired on October 8, 2021. Whittlesey Decl. ¶ 11. In accordance with Supplemental Rule G(5), the time for all interested parties who did not receive direct notice were required to file a claim and answer expired on October 8, 2021 and October 29, 2021, respectively. Id. ¶ 12. None of the potential claimants W. Nicoloff, M. Nicoloff, Coastridge, Bentley, David, and Stonecreek or any other potential claimant has filed a claim or answer. Id. ¶ 13.

On November 4, 2021, the Clerk entered a default against the interests of potential claimants W. Nicoloff, M. Nicoloff, Costridge, Bentley, David, Stonecreek, and all other potential claimants. Default, Dkt. No. 16. On November 10, 2021, the Government filed the instant motion. Mot. Pursuant to Local Rule 7-9, any opposition to the Government's Motion was due no later twenty-one days before the December 16, 2021 hearing date. The Court received no opposition to the Motion.

## II. Legal Standard

Before a court can enter a default judgment against a defendant, a plaintiff must satisfy the procedural and substantive requirements for default judgment.

### A.   Procedural Requirements

For a default judgment, a plaintiff must satisfy the procedural requirements of the Federal Rules of Civil Procedure. Rule 54(c) states that a default judgment cannot grant relief that is different from the requested relief in a complaint. Fed. R. Civ. P. 54(c). Under Rule 55(a), a clerk must enter a default when a defendant has failed to plead, defend, or appear in any form. Fed. R. Civ. P. 55(a). Lastly, if a defaulting party has appeared in an action, then a plaintiff needs to serve a motion for default on the defaulting party. Fed. R. Civ. P. 55(b)(2).

In addition, a party seeking a default judgment must satisfy the requirements of Local Rule 55-1. To satisfy Local Rule 55-1, a plaintiff needs to submit a declaration establishing (1) when and against who the clerk entered a default, (2) the pleading on which default was entered, (3) whether the defaulting party is an infant or incompetent "and if so, whether that person is represented by a guardian, committee, conservator or other representative", (4) whether the Servicemembers Civil Relief Act applies, and (5)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01310-JVS-ADS | Date | December 2, 2021 |
| Title | United States of America v. $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516, et al. | | |

whether the plaintiff served a notice of the motion on the defaulting party, if required by Federal Rule of Civil Procedure 55(b)(2). L.R. 55-1.

    B.    *Substantive Requirements*

The Ninth Circuit has identified seven factors (together, the "Eitel factors") that a court considers when determining whether to grant a default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at issue; (5) the possibility of a dispute regarding material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

Taken together, the second and third Eitel factors, related to the merits of a plaintiff's claims and the sufficiency of the complaint, address whether the party seeking default judgment has stated a claim upon which it may recover. See, e.g., Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 498 (C.D. Cal. 2003) (citing PepsiCo Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172 (C.D. Cal. 2002)).

On an application for a default judgment, the factual allegations in the complaint are taken as true, with the exception of those regarding damages. See Pope v. United States, 323 U.S. 1, 12 (1944); Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co., 980 F.2d 1261, 1267 (9th Cir.1992). "A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c).

### III. DISCUSSION

    A.    *Procedural Requirements*

The Government satisfies the procedural requirements for a default judgment against potential claimants.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01310-JVS-ADS | Date | December 2, 2021 |
| Title | United States of America v. $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516, et al. | | |

The Government satisfies Rule 55(c) because it requests the same relief of forfeiture in its motion for default judgment as it did in its complaint. Compl. ¶¶ 60-64; Mot at 9-11. Service of motion for default is not required by Rule 55(b)(2) because the potential claimants have not appeared in this action.

The Government satisfies Local Rule 55-1. The Government has submitted a declaration establishing that (1) the Clerk entered a default against the interests of W. Nicoloff, M. Nicoloff, Coastridge, Bentley, David, Stonecreek, and all other potential claimants on November 4, 2021, (2) that the default was entered on the Government's Complaint, (3) that W. Nicoloff and M. Nicoloff (the known claimants against whom default is sought and who are natural persons) are neither infants nor incompetent persons, (4) that the Servicemembers Civil Relief Act does not apply, and (5) that the Government served a notice of the motion on W. Nicoloff, M. Nicoloff, Coastridge, Bentley, David, and Stonecreek although not required by Federal Rule of Civil Procedure 55(b)(2). Whittlesey Decl. ¶¶ 14-17.

    C.    *Substantive Requirements*

The Government satisfies the substantive requirements for a default judgment against potential claimants.

    i.    *Possibility of Prejudice to Plaintiff*

The first Eitel factor favors default judgment because the Government has expended effort and incurred costs and fees in prosecuting this action. The Clerk entered a default against the potential claimants, but they have not subsequently moved the Court to set aside the default. Without default judgment, the Government will be left without a remedy. As such, the Court finds that the first Eitel factor favors default judgment.

    ii.    *Merits of Claims and Sufficiency of Complaint*

The Government has alleged sufficient facts in the Complaint to show that the defendant funds constitute or are derived from proceeds traceable to violations of 18 U.S.C. §§ 1341 (mail fraud) and/or 1344 (bank fraud); constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01310-JVS-ADS | Date | December 2, 2021 |
| Title | United States of America v. $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516, et al. | | |

1956(a)(1)(A)(I) or (a)(1)(B)(I), or property traceable to such property, with the specified unlawful activity being a violation of 18 U.S.C. § 1343 (wire fraud) and/or 1344 (bank fraud); and/or constitute property involved in multiple transactions or attempted transactions in violation of 18 U.S.C. ¶ 1957(a), or property traceable to such property, with the specified unlawful activity being a violation of 18 U.S.C. § 1343 and/or 1344. Compl. ¶¶ 60-64. Accordingly, the Government has established that the defendant funds are subject to forfeiture pursuant to 18 U.S. C. §§ 981(a)(1)(A) and (C). Id. Deeming the allegations set forth in the Complaint as true, the Court concludes that the Government has sufficiently pled meritorious claims on which it may recover. Hence, the second and third Eitel factors favor default judgment.

   *iii.*  *Sum of Money at Issue*

The fourth Eitel factor examines whether a sum of money at stake is proportionate to the plaintiff's harm. Landstar Rager, Inc. v. Parth Enters., Inc., 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Here, the United States provides no additional evidence concerning the amount of money at stake. The Complaint alleges that W. Nicoloff obtained $1,554,054 in PPP loans from lenders, including US Bank, NA and Transportation Alliance Bank, d/b/a TAB Bank. Compl. ¶ 11. While the Court generally accepts the factual allegations of the complaint as true on a motion for default judgment, the Court cannot accept as true those allegations relating to the amount of damages. See Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, in this case, the Complaint is verified, and the allegations carry evidentiary weight. Thus, the fourth Eitel factor favors default judgment.

   *iv.*  *Possibility of Dispute Regarding Material Facts*

The fifth Eitel factor weighs in favor of default judgment because "[u]pon entry of default, the well-pleaded allegations of the complaint relating to a defendant's liability are taken as true." PepsiCo, 238 F. Supp. 2d at 1175. As discussed earlier, the Government has adequately pled its claims against the potential claimants. Because no potential claimant has opposed the motion, no factual disputes exist that would preclude the entry of default judgment. Thus, the fifth Eitel factor favors default judgment.

   *v.*  *Possibility of Excusable Neglect*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:21-cv-01310-JVS-ADS | Date | December 2, 2021 |
| Title | United States of America v. $1,707,197.13 from Fidelity Investment Bank Funds Account Number '6516, et al. | | |

The sixth <u>Eitel</u> factor weighs in favor of default judgment. The Court finds that a default was unlikely to have resulted from excusable neglect in this case. The potential claimants W. Nicoloff, M. Nicoloff, Coastridge, Bentley, David, and Stonecreek were served with notice of this action by certified mail. Whittlesey Decl. ¶¶ 5-10. Given the period of time that has elapsed, the possibility of excusable neglect is remote. Accordingly, the sixth <u>Eitel</u> factor favors default judgment.

> vi.   *Policy Favoring Decision on the Merits*

Only the seventh <u>Eitel</u> factor, the strong policy favoring decisions on the merits, weighs against entry of a default judgment. But this factor alone is insufficient to counterbalance the other factors in this case. <u>See</u> <u>PepsiCo</u>, 238 F. Supp. 2d at 1177.

Weighing all the <u>Eitel</u> factors, the Court finds that entry of judgment is proper.

### IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the motion for default judgment.

**IT IS SO ORDERED.**

The Court finds that oral argument would not be helpful in this matter. Fed. R. Civ. P. 78; L.R. 7-15. Hearing set for December 16, 2021, is **VACATED**.

|  |  : | 0 |
|---|---|---|
|  | Initials of Preparer | lmb |